UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

Plaintiff,

v.

PASHA AUTOMOTIVE SERVICES,

Defendant.

Case No. C14-387RSL

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the parties' cross-motions for summary judgment. Dkt. # 13 (Pl. MSJ); Dkt. # 19 (Def. MSJ). Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows.[1]

## I. BACKGROUND

The dispute in this case concerns a pension trust fund governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The parties contend that the relevant, material facts are not in dispute.

Defendant Pasha Automotive Services ("defendant" or "Pasha") employs members of a bargaining unit represented by International Brotherhood of Teamsters Local 36 ("Local 36" or the "Union"), and is a party to a collective bargaining agreement ("CBA") with the Union. Dkt.

---

[1] The Court finds these motions suitable for decision on the papers submitted and therefore DENIES the parties' requests for oral argument.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 1

# 14 (Clawson Decl.) ¶¶ 10-12.  Defendant is bound by the CBA, an Employer Union Pension Certification, and the Western Conference of Teamsters Pension Trust Agreement ("Trust Agreement"), id. ¶¶ 12-15; pursuant to those agreements, defendant has been required to report and make contributions to the Western Conference of Teamsters Pension Trust Fund ("Trust") to provide retirement benefits for eligible participants since at least 2010, id.[2]  Although the original CBA has expired, the parties are still operating under its terms and those of the Trust Agreement.  Id.

Plaintiff is the authorized administrative agent and assignee of the Trust.  Id. ¶ 2.  The Trust Agreement grants plaintiff broad rights to audit defendant's payroll records, stating the following in relevant part:

> Each Employer shall promptly furnish to the Trustees or their authorized representatives on demand any and all records of his past or present Employees concerning the classification of such Employees, their names, Social Security numbers, amount of wages paid and hours worked or paid for, and any other payroll records and information that the Trustees may require in connection with the administration of the Trust Fund, and for no other purpose.  The Trustees or their authorized representative may examine any books and records of each employer, which the Employer is required to furnish to the trustees on demand <u>whenever such examination is deemed necessary or desirable by the Trustees in the proper administration of the Trust</u>.

Dkt. # 14-1 (Trust Agreement) at 21 (emphasis added).

Defendant performs auto-processing services for numerous customers who import newly-manufactured vehicles into the United States for inland distributions to auto dealers for sale in the U.S. market.  Dkt. # 20 (Gabara Decl.) ¶ 3.  Auto-processing services include, but are not limited to, washing vehicles, installing accessories and/or parts, and repairing damage suffered during the ocean voyage.  Id.  According to defendant, the Union does not always have sufficient workers to allow defendant to meet fluctuating customer demand; as a result, defendant relies on temporary labor to supplement its Union workforce.  Dkt. # 20 (Gabara Decl.) ¶ 5.  Defendant

---

[2] The Trust is a benefit plan organized pursuant to Section 302 of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c), id. ¶ 4, and governed by ERISA.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2

contracts with Select Staffing, a third-party staffing agency, to provide temporary workers.  On occasion, defendant chooses to hire Select Staffing workers into its own workforce.  Dkt. # 20 (Gabara Decl.) ¶ 7.

In January 2014, plaintiff advised defendant that it was auditing defendant's payments into the Trust and demanded that defendant produce various documents, including payroll and accounts payable records relating to the Select Staffing workers defendant used from July 1, 2011 through November 30, 2013.  Dkt. # 22 (Bellaran Decl.) ¶ 4.  Defendant produced all requested records except those concerning the temporary workers, withholding these on the grounds that they were not necessary or desirable for the administration of the trust.  Id. ¶ 5.  Defendant argues that plaintiff never provided a sufficient explanation for why the documents are necessary or desirable for trust administration prior to filing this action in March 2014.  Dkt. # 21 (Manning Decl.) ¶¶ 6-8.  Defendant emphasizes that, in correspondence the parties exchanged in April 2014 (in which defendant provided a sampling of Select Staffing invoices), plaintiff refused to clarify its position or respond to defendant's objections that Select Staffing workers were not Pasha employees and thus did not fall under the CBA or the Trust Agreement.  Id.

Plaintiff seeks to compel an audit of defendant's records relating to the Select Staffing workers that it used, and also seeks to recover its attorney's fees pursuant to the Trust Agreement.  Dkt. # 13.  Defendant seeks to have plaintiff's audit request rejected, and also seeks attorney's fees; in the alternative, defendant seeks a protective order limiting plaintiff's direct access to the disputed records.  Dkt. # 19.

## II.  LEGAL STANDARDS

### A.  Standard For Motion For Summary Judgment

Summary judgment is appropriate if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that "there are no genuine issues of material fact and the moving party is entitled to judgment as

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 3

a matter of law." Fed. R. Civ. P. 56(a); Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When parties submit cross-motions for summary judgment, "[e]ach motion must be considered on its own merits." Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001).

### B.     Trustees' Power To Demand An Audit

Because the Trust is an employee benefit plan governed by ERISA, the language of the Trust Agreement defines the parties' rights and obligations to the trust to the extent they are consistent with the Act. See 29 U.S.C. § 1145; Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491, 1493-94 (9th Cir. 1990). Trustees and their representatives are required to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter or subchapter III of this chapter." 29 U.S.C. § 1104(a)(D). "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries, and that trustees will take steps to identify all participants and beneficiaries, so that the trustees can make them aware of their status and rights under the trust's terms." Central States Pension Fund v. Central Transport, Inc., 472 U.S. 559, 571-72 (1985). To assist trustees in complying with these duties, a trust agreement may provide trustees and their representatives with broad rights to audit employers' books and records. Id. at 568, 571-74; Miramar Hotel Corp., 920 F.2d at 1493-94.

The Trust Agreement here provides that plaintiff may audit defendant's records when plaintiff "deems" this "necessary or desirable . . . in the proper administration of the Trust." Dkt. # 14-1 (Trust Agreement) at 21. Plaintiff emphasizes that this language does not require plaintiff to proffer a specific reason to perform an audit and/or review particular records. Dkt. # 13 at 15 n. 1. However, Central States suggests that there are limits on plaintiff's broad power to

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 4

demand an audit. The Trust Agreement in that case similarly permitted plaintiff to perform audits that plaintiff "deemed" necessary, and the Court found plaintiff's audit request permissible because the disputed records would help plaintiff identify potential plan participants. 472 U.S. at 565, 572. Nevertheless, the Court emphasized that it did "not question the proposition that the auditing powers of a benefit plan are limited to prudent actions furthering the legitimate purposes of the plan," id. at 582; and noted that plaintiff had agreed to various limits on its audit "so as not to exceed what would be reasonably appropriate for service of the audit's legitimate purposes," id. at 582 n. 23 ("[plaintiff] does not dispute that its right to demand access to employer records does not reach beyond what is appropriate for the proper administration of the plans[.]"). Furthermore, the Court noted that an audit request would be "illegitimate" were it "actually an effort by plan trustees to expand plan coverage beyond the class defined in the plans' terms or to acquire information about the employers to advance union goals." Id. at 571 n. 12. It follows that, even under the language of the Trust Agreement here, auditing the requested records must seem "reasonably appropriate" for serving a legitimate Trust goal, and defendant may defeat the audit request if it proves that the request has an illegitimate purpose. See id.[3]

## III. DISCUSSION

### A.  Plaintiff Is Entitled To Audit The Requested Records

The Court agrees that plaintiff needs defendant's Select Staffing records to "make sure" that defendant is not "misclassifying and/or mislabeling Pasha employees as employees provided by Select Staffing (either accidentally or on purpose)," and that it must "confirm that defendant was paying proper contributions on employees when they moved from Select Staffing to Pasha." Dkt. # 13 at 9. Central States indicates that an audit request must not exceed what is "reasonably

---

[3] This Court previously adopted this reading of Central States in Nw. Adm'rs, Inc. v. Clear Channel Outdoor Inc., 2014 WL 636972, at *4 (W.D. Wash. Feb. 18, 2014) (Court would not limit plaintiff's audit request "[a]bsent evidence that Plaintiff seeks the managers' payroll records to advance a union goal or that the request is not necessary to the proper administration of the Trust[.]").

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 5

appropriate" for the proper administration of a benefits plan.  See 472 U.S. at 582 n. 23. Respecting plaintiff's broad authority to audit records, the Court grants plaintiff's audit request on the above bases because these concerns make the audit request reasonable.

      Defendant argues that plaintiff's audit request serves an illegitimate purpose, namely creating a "monetary cushion" for the Trust by seeking the collection of contributions not authorized by the CBA and the Trust Agreement.  Dkt. # 19 at 23.  Defendant contends that Select Staffing temporary workers are not Pasha employees, and thus do not fall under Article XIV of the CBA, which requires contributions to be made for "each hour worked or paid to the employees in all classifications covered by this agreement." Dkt. # 14-4 (CBA) at 15. Defendant relies on Bensi v. El Camino Hosp., 2012 WL 607979, at *6-8 (N.D. Cal. Feb. 24, 2012), which examined whether contributions had to be made for work performed by a company's subcontractors.  The CBA in Bensi, which covered "all Engineers employed by" defendant, contained no express requirement that contributions be made for contractors' work. Id. at *1, 8.  The court rejected plaintiffs' argument that contributions were owed for "engineering work" performed by subcontractors, finding that, in only covering "Engineers," the CBA appeared to only contemplate covering specific engineers (namely members of the Union that had contracted to the CBA). Id. at *8.  Nothing in the CBA's text indicated that it was "intended to cover types of work, rather than types of workers." Id.  Without resolving the issue of whether contributions should be made for Select Staffing workers (which may be litigated later), the Court finds Bensi distinguishable: although the CBA there may have clearly excluded subcontractors from its contribution provision, Article XIV here does not so clearly exclude the Select Staffing workers (the CBA does not expressly define the term "employee").  While plaintiff has argued that contributions may be owed for some of these workers, the Court does not find that asserting this argument (among others) in support of its audit request evidences an illegitimate purpose.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 6

## B.    **Defendant's Motion For a Protective Order is Denied**

Defendant has requested a protective order holding either that an independent accountant will review the requested records or that the Court will review them in camera. Dkt. # 19 at 24. While Central States invited courts permitting audits to impose limitations to ensure that they did not exceed their proper scope, 472 U.S. at 582 n. 23, the Court sees no need for such an order, here. Defendant's request is denied.

## C.    **Plaintiff Is Entitled To Attorney's Fees**

Plaintiff seeks an award of the attorney's fees and costs incurred in bringing this action, pursuant to the terms of the Trust Agreement, which states the following in relevant part:

> If it becomes necessary for the Trustees to retain legal counsel to compel an Employer to furnish to, or permit the examination of books or records or information by, the Trustees or their representatives, the Employer shall reimburse the Trust Fund for all reasonable attorneys' fees and court costs incurred by the Trust Fund in connection therewith, whether or not legal proceedings were instituted and whether or not such examination discloses that the Employer has failed to make appropriate or timely Employer Contributions to the Trust Fund.

Dkt. # 14-1 at 21. Defendant emphasizes that plaintiff never clarified why it sought the requested records prior to filing this action, calling into question the necessity of plaintiff retaining counsel, see Dkt. # 25 at 26; however, defendant provides no authority suggesting that the Court should not apply the above provision in this case, nor has the Court found any. Plaintiff is entitled to reasonable attorney's fees under this provision of the Trust Agreement. Plaintiff is ordered to submit a declaration on or before Wednesday, May 6, 2015, itemizing the fees and costs incurred in its pursuit to compel defendant to submit to an audit. Defendant may respond on or before Wednesday, May 13, 2015; plaintiff's reply is due Friday, May 15, 2015.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 7

### IV.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment, Dkt. # 13; and DENIES defendant's motion for summary judgment, Dkt. # 19. Plaintiff may audit the requested records concerning the Select Staffing workers that defendant used between July 1, 2011 and November 30, 2013.  Plaintiff must submit a declaration related to its attorney's fees and costs on or before May 6, 2015.  Defendant's motion for a protective order is DENIED.  Dkt. # 19.  The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendant.

DATED this 29th day of April, 2015.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 8